UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-60884-CIV  COOKE/BANDSTRA

PLANTATION GENERAL HOSPITAL, L.P.,

    *Plaintiff*,

v.

CAYMAN ISLANDS,

    *Defendant*.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CASE is before me on the Defendant's Motion to Dismiss for Insufficient Service of Process [D.E. 10]. I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained below, the Defendant's motion to dismiss is granted, without prejudice.

### I. BACKGROUND

On June 16, 2009 Plantation General Hospital, L.P. filed a complaint for damages against Cayman Islands. Plantation Hospital used UPS international shipping to send a copy of the summons and complaint to Cayman Islands. (Pl.'s Resp. 1 [D.E. 19]). Cayman Islands moved to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Cayman Islands argued that, as a foreign state and signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, the Plaintiff must comply with the terms of the Hague Convention, as opposed to merely mailing a copy of a complaint.

Plantation Hospital failed to timely respond to the motion to dismiss,[1] however, when it did

---

[1] Plantation Hospital's response was due on or about September 28, 2009. Plantation Hospital failed to respond, and on January 22, 2010, I issued an Order to Show Cause, requiring

finally respond it conceded that its attempted "service," via UPS international shipping, was legally ineffective since Cayman Islands must be served pursuant to 28 U.S.C. § 1608(2), because it is a foreign state and signatory to the Hague Convention.  Ultimately, it is Plantation Hospital's position that, despite its lack of service and despite its late response to the motion to dismiss, its complaint should not be dismissed, but instead its insufficient service should be quashed, and it should be required to serve Cayman Islands in accordance with the Hague Convention.  (Pl.'s Resp. 2 [D.E. 19]).

## II.  LEGAL STANDARDS

The Federal Rules of Civil Procedure require a plaintiff to serve a defendant with the complaint within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  The 120 day requirement, however, "does not apply to service in a foreign country."  Fed. R. Civ. P. 4(m).  Despite there being no time requirement under the Federal Rules, a plaintiff does not have an unlimited amount of time to serve a foreign country defendant.  *Nylok Corp. v. Fastener World, Inc.*, 396 F.3d 805, 807 (7th Cir. 2005).  A plaintiff is required to take efforts to attempt service within a reasonable amount of time.  *See Maale v. Francis*, 258 F.R.D. 533, 535 (S.D. Fla. 2009).

## III. ANALYSIS

Plantation Hospital should have recognized, from the inception of this case, that the proper method of serving Cayman Islands was through the Hague Convention procedures.  Even if Plantation Hospital was not aware of the proper method of service before, it most certainly discovered the proper process upon receiving Cayman Islands' Motion to Dismiss.

---

Plantation Hospital to demonstrate why Cayman Islands' motion to dismiss should not be granted, given the lack of any response.  Plantation Hospital responded to my order to show cause, explaining that its counsel has never before been required to serve a party through the Hague Convention, and that there was a mix-up at its counsel's law firm as to who would be handling the response to Cayman Islands' motion to dismiss.

Despite Plantation Hospital's recognition that mailing the complaint to Cayman Islands was legally insufficient, and acknowledging that the proper method of serving Cayman Islands is through the Hague Convention procedures, Plantation Hospital has failed to demonstrate that it has taken *any* efforts to facilitate service in accordance with the proper procedures. This case has been pending for over 250 days. Given these facts, a dismissal, without prejudice, is warranted. Additionally, Plantation Hospital failed to timely respond to Cayman Islands' motion to dismiss, and it did so only after I entered an order to show cause. This alone is sufficient to warrant dismissal of this matter under Local Rule 7.1(C).

## IV.  CONCLUSION

The facts of this case present the precise situation that has led numerous courts to conclude that a plaintiff serving a foreign country, although not held to the 120 day filing requirement, must still take some efforts to attempt service, or face dismissal. *See, e.g., USHA (India), Ltd. v. Honeywell Intern., Inc.*, 421 F.3d 129, 134 (2d Cir. 2005). Plantation Hospital has neglected to attempt to serve Cayman Islands, through Hague Convention procedures, and has further neglected to timely respond to Cayman Islands' motion to dismiss. Therefore, it is **ORDERED and ADJUDGED** that: 1) Defendant's Motion to Dismiss [D.E. 10] is **GRANTED**; 2) this case is **DISMISSED** *without prejudice*; and 3) the Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** in chambers at Miami, Florida, this 25th day of February 2010.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*All counsel of record*